IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOUSTAFA A. MOHAMED, | : CIVIL NO. 4:07-CV-989 |
| Plaintiff, | : (Judge Jones) |
| v. | : (Magistrate Judge Smyser) |
| WARDEN JANINE DONATE, CAPTAIN CHIARELLI, COUNTY COMMISSIONER'S OFFICE, and ASSISTANT WARDEN TIMOTHY BETTI, | : |
| Defendants. | : |

**MEMORANDUM**

October 4, 2007

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Pending before this Court is a Report issued by United States Magistrate Judge J. Andrew Smyser ("Magistrate Judge Smyser") on July 26, 2007 that recommends: 1) Plaintiff Moustafa Mohamed's ("Plaintiff" or "Mohamed") action be dismissed for failure to state a claim; and 2) Plaintiff's Motion for Summary Judgment (doc. 4) and Motion for Compensation for Denial of Access to Courts (doc. 9) be denied as moot. (Rec. Doc. 11). For the reasons that follow, we will adopt the learned Magistrate Judge's Report.

1

## FACTUAL BACKGROUND/PROCEDURAL HISTORY:

Our review of the record confirms the Magistrate Judge's description of the relevant factual background and procedural history. (See Rec. Docs. 1, 8, 11). Accordingly, we summarize the same only briefly here.

On May 30, 2007, Plaintiff, an inmate presently confined at the Lackawanna County Prison ("LCP") who is proceeding pro se, commenced this 42 U.S.C. § 1983 action by filing a Complaint (doc. 1) accompanied by an Application to Proceed In Forma Pauperis (doc. 2). In the Complaint, Plaintiff names the following as Defendants: 1) Janine Donate ("Warden Donate"), the Warden at LCP; 2) Captain Chiarelli, a Shift Commander at LCP; 3) the County Commissioner's Office; and 4) Timothy Betti ("Assistant Warden Betti"), the Assistant Warden at LCP.

With respect to these Defendants, Plaintiff raises several allegations, largely, if not entirely, related to the prison library. First, Plaintiff alleges that Warden Donate was notified of both the library's alleged deficiencies and Counselor Peter White's failure to answer any grievances or requests, but failed to take any corrective action. Second, Plaintiff alleges that Captain Chiarelli is responsible for the selection of the law librarian and supply issues. Finally, Plaintiff alleges that the County Commissioner's Office is responsible for library funding and that Assistant Warden Betti has

the "final say" on the law librarian selection. (Rec. Doc. 1 at 2).

As relief, Plaintiff seeks dismissal of his criminal matter, return of all his property in the criminal matter, expungement of his criminal records, and fees and costs.

On June 6, 2007, Magistrate Judge Smyser issued an Order that, <u>inter alia</u>, concluded that Plaintiff's Complaint failed to state a claim and granted Plaintiff leave to file an Amended Complaint. (Rec. Doc. 8). However, Plaintiff has filed no submission styled as an Amended Complaint. Rather, he has filed two motions: a Motion for Summary Judgment (doc. 4) and a Motion for Compensation for Denial of Access to Courts[1] (doc. 9).

Thus, on July 26, 2007, Magistrate Judge Smyser filed a Report (doc. 11) recommending that Plaintiff's Complaint (doc. 1) be dismissed for failure to state a claim upon which relief can be granted and that Plaintiff's pending Motions (docs. 4, 9) be denied as moot. On August, 8, 2007, Plaintiff filed a "Recommendation for the Disposition of a Prisoner Case," which we will construe as Plaintiff's Objections to the Report. (Rec. Doc. 12). Thus, this matter is ripe for disposition.

---

[1] Plaintiff's Objections to the Magistrate Judge's July 26, 2007 Report appear to indicate that he intended the Motion for Compensation for Denial of Access to Courts to be an Amended Complaint. For the reasons discussed below, even if we construed the Motion as an Amended Complaint, we would dismiss the instant action.

## STANDARD OF REVIEW:

When objections are filed to a report of a magistrate judge, we make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. See United States v. Raddatz, 447 U.S. 667 (1980); see also 28 U.S.C. §636(b)(1); Local Rule 72.31. Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge. See id. Indeed, in providing for a de novo review determination rather than a de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. See id., see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

## DISCUSSION:

In his Objections to the Report, Plaintiff appears to contend that both his original Complaint and his Motion for Compensation for Denial of Access to Courts, which was apparently his attempt to file an Amended Complaint, state claims upon which relief may be granted. However, for the reasons discussed below, our review of the Magistrate Judge's June 6, 2007 Order and July 26, 2007 Report confirms the Magistrate Judge's

determinations therein.

In short, even assuming arguendo that Plaintiff's Motion for Compensation for Denial of Access to Courts could be construed as an Amended Complaint, we find that both Plaintiff's original Complaint and his Amended Complaint fail to state a claim upon which relief may be granted. We so find because Plaintiff's allegations that the LCP library is deficient, and his apparently related averments that he has been denied access to the courts are not cognizable 42 U.S.C. § 1983 claims because neither separately nor together do they constitute a denial of access to the courts. Indeed, although inmates have a right of access to the courts, a successful claim alleging denial of access to courts must establish an actual injury. Lewis v. Casey, 518 U.S. 343, 350, 351 (1996); Bounds v. Smith, 430 U.S. 817 (1977). Here, Plaintiff was able to file and litigate this action in this Court, and a determination on the merits of his averments will result in the dismissal of this action. Thus, Plaintiff has failed to show that his right of access to the courts has been denied, and under 28 U.S.C. § 1915(e)(2), this Court is obligated to dismiss this action for failure to state a claim upon which relief may be granted.[2]

---

[2] We note that as required by Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3d Cir. 2002), on June 6, 2007, Magistrate Judge Smyser granted Plaintiff an opportunity to file an Amended Complaint. Even if Plaintiff's Motion for Compensation for Denial of Access to Courts were construed as an Amended Complaint, it would be

5

Finally, as the Magistrate Judge noted, if Plaintiff wishes to seek relief such as release from custody, as related to either criminal charges pending against him or a conviction, his remedy lies in the commencement of a habeas corpus case, not in a § 1983 claim. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a write of habeas corpus."). Thus, although we express no opinion on the merits of such a habeas claim, should Plaintiff wish to so file, he is free to do so.

An appropriate order closing this case shall enter this same date.

---

subject to dismissal for failure to state a claim for the reasons stated therein.